# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES HENLEY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:14-cv-1300-TWP-DML |
| | ) |
| MICHAEL DUFF, | ) |
| | ) |
| Defendant. | ) |

# E N T R Y

## I.

The plaintiff's motion to proceed *in forma pauperis* [dkt 5] is **GRANTED**. The assessment of an initial partial filing fee is not feasible at this time.

## II.

Plaintiff James Henley alleges that the defendant has illegally opened credit accounts and home loans in his name. Because the plaintiff has sought and has been granted *in forma pauper* status, his complaint must be assessed under the standard established in 28 U.S.C. § 1915(e)(2). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief." *Id*. To state a claim upon which relief must be granted, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).

The plaintiff has identified no source of this Court's personal jurisdiction over the defendant. For a court to have personal jurisdiction over a defendant, the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and justice," *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quote marks omitted), and these contacts must be "purposeful," *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The requirement of purposeful minimum contacts "helps ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1565 (Fed.Cir.1994). Mr. Henley's complaint identifies no such contacts with Indiana on Duff's part.

Mr. Henley shall have **through December 1, 2014,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED.**

Date: 11/5/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

James Henley
150168
Miami Correctional Facility
3038 West 850 South
Bunker Hill, 46914